THIS ORDER IS APPROVED.

Dated: March 28, 2011



*James M. Marlar*
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

Kathryn L. Johnson (#19150)
Law Office of Kathryn L. Johnson, PLC
4337 E. Fifth Street
Tucson, AZ 85711
(520) 743-2257; (520) 743-2231 facsimile
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>CARLOS BURTON and<br>CARLA LETICIA BURTON,<br><br>Debtors.<br><hr><br>CARLOS BURTON and,<br>CARLA LETICIA BURTON,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK,<br><br>Defendant. | In Proceedings Under Chapter 13<br><br>Case No.: 4:10-bk-19913-JMM<br><br><br><br><br><br>Adversary Proceeding<br>Case no.: 4:10-ap-01233-JMM<br><br>ORDER AND<br>JUDGMENT |

On July 6, 2010, Debtors/Plaintiffs filed an Adversary Complaint to value the lien of JP MORGAN CHASE BANK (hereinafter "Lienholder") against the property commonly known as 5164 E. Circulo Las Cabanas, Tucson, AZ, which lien was recorded in Pima County on or about July 3, 2007 (hereinafter the "Lien"). This Lien is in third position and is the approximate amount of $37,807. The first lien is serviced by Chase Home Finance in the approximate amount of $223,432. The property is worth approximately $222,000. Therefore, there is no secured value in the amount of the Lien.

The Court finds that notice of the complaint upon Lienholder was proper.

Lienholder having failed to plead or otherwise defend the Adversary Complaint, default is hereby entered. As a result, the Court hereby orders as follows:

1. For purposes of Debtors' Chapter 13 plan only, the Lien is valued at zero. Lienholder does not have a secured claim and the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2) and 1327, provided that the Chapter 13 case is completed and the Debtors receive a discharge.

2. This order shall become part of Debtors' confirmed Chapter 13 Plan.

3. Upon entry of a discharge in Debtors' Chapter 13 case, the Lien shall be voided for all purposes and, upon application by Debtors, the Court will enter an appropriate form of judgment voiding the Lien.

4. If Debtors' Chapter 13 case is dismissed or converted to Chapter 7 before Debtors obtain a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable non-bankruptcy law and upon application by Lienholder, the Court will enter an appropriate form of order restoring the Lien.

5. Except as provided by separate, subsequent order of this Court, the Lien may not be enforced so long as this Order remains in effect.

DATED this ___ day of March, 2011.

_____
United States Bankruptcy Judge